IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-215 |
| vs. | |
| JAMES MAYNARD, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant's sentencing memorandum (filing 68) includes an objection to the presentence report and a motion for downward departure or variance.[1]

---

[1] The Court notes that the parties purportedly entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(c), in which they agreed that "the defendant shall receive a sentence of not less than 200 months imprisonment, but that the government may argue for a sentence within the defendant's calculated guideline range." Filing 45 at 3. The defendant's sentencing statement, however, asks the Court to "depart/vary from the guidelines as well as the 200 month sentence agreed to by the parties." Filing 68 at 6 (emphasis supplied). Instead, the defendant asks the Court to "vary from the 200 month agreed upon sentence" and impose a sentence of 120 months. Filing 68 at 6.

In other words, the defendant seems to be asking the Court to reject the Rule 11(c)(1)(C) plea agreement. While the plea agreement permits the defendant to argue for a variance or certain departures, the Court would have to reject the plea agreement to sentence the defendant to less than 200 months: the plea agreement is binding on the Court if accepted, and while the Court may accept or reject the agreement, it may in no event modify it. *United States v. Scurlark*, 560 F.3d 839, 842 (8th Cir. 2009); *see United States v. Ritchison*, 887 F.3d 365, 368 (8th Cir. 2018); *see also United States v. Mukai*, 26 F.3d 953, 955 (9th Cir. 1994) (Rule 11(c)(1)(c) "prohibits a district court from sentencing a defendant to a sentence less

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

---

severe than that provided for in the plea agreement accepted by the Court"); *cf. United States v. Leach*, 562 F.3d 930, 937 (8th Cir. 2009) (defendant breached plea agreement by advocating for sentence below range provided for in plea agreement).

It is not clear, at this point, what the parties want the Court to do with the plea agreement. In the absence of further filings clarifying their respective positions, they should be prepared to confront that question at sentencing.

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant's sentencing statement (filing 68) includes an objection[2] to the offense conduct pursuant to U.S.S.G. § 3C1.2, which provides a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" The defendant argues that because the streets were relatively empty when he led law enforcement on a high-speed chase, "the risk associated with the behavior of excessive speed that night was born [sic] only by [the defendant]." Filing 68 at 1.

But one of the risks that can warrant application of the § 3C1.2 enhancement is the risk to pursuing law enforcement officers. *United States v. Valdez*, 146 F.3d 547, 554 (8th Cir. 1998); *see United States v. Small*, 599 F.3d 814, 816 (8th Cir. 2010); *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008); *United States v. Bazaldua*, 506 F.3d 671, 675 (8th Cir. 2007); *United States v. Harper*, 466 F.3d 634, 650 (8th Cir. 2006); *United States v. St. James*, 415 F.3d 800, 806 (8th Cir. 2005);

---

[2] Although the objection refers to ¶ 40 of the presentence report, *see* filing 68 at 1, it appears that the paragraph at issue is actually ¶ 42.

*United States v. Galvan*, 407 F.3d 954, 958 (8th Cir. 2005). As the Eighth Circuit explained in rejecting a similar argument in *Valdez*,

> [The defendants] claim that their conduct falls short of recklessness because the flight took place in daylight, it occurred on county roads in a rural area, and no other vehicles or pedestrians were encountered during the pursuit. We find this argument meritless. We do not interpret § 3C1.2 to require that a high speed chase occur at night, in an urban area, or that any other vehicles actually ended up in harm's way. Further, their argument does not account for the risk to the officers involved. The District Court did not err in enhancing [the defendants'] sentences for reckless endangerment.

146 F.3d at 554. Accordingly, the Court's *tentative* finding is that the defendant's objection lacks merit. However, because the government bears the burden of proving the applicability of an enhancement to the offense level, *see United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014)*,* the Court will finally dispose of this issue at sentencing.

The defendant also asks the Court for a downward departure or variance[3] based on his post-arrest rehabilitation. Filing 68. Post-offense

---

[3]   In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a

rehabilitation can support a downward departure under U.S.S.G. § 5K2.0. *United States v. Chapman,* 356 F.3d 843, 848 (8th Cir. 2004). But because it is one of the ways a defendant may show acceptance of responsibility warranting a reduction of the offense level, departure under § 5K2.0 is warranted only if the defendant's efforts are exceptional enough to be atypical of cases in which the acceptance of responsibility is usually granted. *United States v. Kapitzke,* 130 F.3d 820, 823 (8th Cir. 1997); *see Chapman,* 356 at 848. And a defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu,* 12 F.3d 1506, 1511 (9th Cir. 1993). But post-offense rehabilitation is also relevant in evaluating the § 3553(a) factors and determining the propriety of a downward variance. *United States v. McFarlin,* 535 F.3d 808, 811 (8th Cir. 2008); *see United States v. Shy,* 538 F.3d 933, 938 (8th Cir. 2008). With those principles in mind, the Court will resolve the defendant's request at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3)

---

final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of May, 2020.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge