IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>JAMES MAYNARD,<br><br>              Defendant. | 8:18-CR-215<br><br>MEMORANDUM AND ORDER |

      The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 96. The defendant's primary argument is that he should be resentenced based on caselaw which, he says, changed the "legal landscape" with respect to the sentencing guidelines as applied to actual methamphetamine and methamphetamine mixture. *See* filing 96 at 1. The defendant's motion will be denied.

      Section 3582(c)(1)(A)(i) permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

      There are three problems with the defendant's argument. The first is that he doesn't allege exhausting his administrative remedies. Section 3582(c)(1)(A) provides that the Court may reduce a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier." And exhaustion of administrative remedies is mandatory. *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

But the defendant's motion also fails on its merits. He argues that "cases that involve a drug amount that has not been tested for it's [sic] purity can no longer be calculated as though it tested at a 80% purity or higher making it pure meth." Filing 96 at 1. But he's misreading the caselaw he's relying on.

The Court is quite familiar with that caselaw. *See United States v. Havel*, No. 4:21-CR-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). This Court and others have elected in some cases to *vary* from the sentencing guidelines to reflect a policy-based disagreement with the methamphetamine guidelines. *See id*. But that's an exercise of discretion by the sentencing court—it isn't required by law. *See United States v. Heim*, 941 F.3d 338, 340 (8th Cir. 2019). As such, it's not a "change in the law" that can justify reduction of an "unusually long sentence." *See* U.S.S.G. § 1B1.13(b)(6).[1]

Finally, the Court notes that even if there was some way to retroactively adjust the guidelines range for actual methamphetamine, it wouldn't help the defendant, because his sentencing range wasn't determined by drug quantity. Rather, he was found to be a career offender, meaning his base offense level was 37 and his criminal history category was VI, regardless of drug quantity. *See* filing 89 at 8, 14.[2] And there's no arguing with the two prior convictions

---

[1] Nor has the defendant satisfied other requirements of that provision, such as serving at least 10 years of imprisonment or presenting a separate "extraordinary and compelling" basis for a reduced sentence. *See id*.

[2] That also disposes of the defendant's argument that the presentence report mistakenly counted some of his prior marijuana convictions. *See* filing 96 at 2. His criminal history category would have been VI no matter what. *See* filing 89 at 14. Nor, in any event, can the

that established his career offender status: (1) Aiding and abetting robbery, resulting in a 6- to 9-year sentence; and (2) Possession of marijuana with intent to deliver, resulting in a 3-year sentence. *See* filing 89 at 11-13; *see also* U.S.S.G. § 4B1.2(a), (b), and (d).

IT IS ORDERED:

1. The defendant's motion to reduce sentence (filing 96) is denied.

2. The Federal Public Defender's motion to withdraw (filing 99) is granted.

Dated this 8th day of July, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

defendant use a motion under § 3582(c) to collaterally attack the accuracy of the presentence report. *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied,* 142 S. Ct. 2781 (2022); *United States v. Turner*, No. 4:17-CR-3121, 2024 WL 2846142 (D. Neb. June 5, 2024), *aff'd*, No. 24-2300 (8th Cir. June 27, 2024).